**DIAN SHENG JIANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 07–2158–ag.

United States Court of Appeals, Second Circuit.

Feb. 1, 2008.

Farah Loftus, Century City, CA, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; M. Jocelyn Lopez Wright, Assistant Director, Office of Immigration Litigation; Jonathan Robbins, Attorney, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. CHESTER J. STRAUB and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Dian Sheng Jiang, a native and citizen of the People's Republic of China, seeks review of an April 27, 2007 order of the BIA affirming the September 9, 2005 decision of Immigration Judge ("IJ") William Van Wyke denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dian Sheng Jiang,* No. A 79 617 903 (B.I.A. Apr. 27, 2007), *aff'g* No. A 79 617 903 (Immig. Ct. N.Y. City, Sept. 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts and supplements the IJ's decision, this court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

We conclude that substantial evidence supports the IJ's adverse credibility determination. This Court has emphasized that because demeanor is "virtually always evaluated subjectively and intuitively," an IJ is accorded "great deference." *See Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006). Additionally, evasiveness is "one of the many outward signs a fact-finder may consider in evaluating demeanor and in making an assessment of credibility." *Id.* We have further noted that a fact-finder who assesses testimony together with a witness's demeanor is in the best position to discern whether a witness "who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted

'script.'" *Id.* at 401, quoting *Zhou Yun Zhang*, 386 F.3d at 73.

Here, in finding Jiang not credible, the IJ reasonably relied on his demeanor. The IJ accurately noted that when Jiang testified concerning matters contained in his written application, he spoke as though he were reading from a script. For example, when asked whether, following his wife's abortion, Jiang ever discussed with her what had happened, instead of responding "yes" or "no," the record reflects that he recounted the details mentioned in his written application. Likewise, Jiang appears to have had difficulty in stating when his wife had her alleged abortion. Similarly, the IJ properly found that Jiang's demeanor was "non-responsive" when he testified about things not written in his application, such as when asked whether he and his wife planned to hide the pregnancy from the Chinese government. Thus, these findings supported the IJ's adverse credibility determination. *See Tu Lin*, 446 F.3d at 400.

Moreover, Jiang's argument that his lack of knowledge as to whether his brother had problems with the family planning policy did not bear on his credibility is unavailing. The IJ appropriately emphasized that this portion of Jiang's testimony was important because he was "very reticent about speaking," and this content involved matters outside of his written application. Further, the IJ reasonably rejected Jiang's explanation for the deficiencies in his testimony—that he "didn't even graduate elementary school"—when he admitted that he wrote the statement attached to his asylum application. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Thus, the IJ appropriately found that

Jiang's demeanor undermined his credibility. *See Tu Lin*, 446 F.3d at 400.

Additionally, the IJ accurately identified an inconsistency in Jiang's testimony as to who obtained his wife's abortion certificate. On direct-examination, Jiang testified that he obtained the abortion certificate in June 2002 after he received notice of his 10,000 yuan fine. In contrast, Jiang testified on cross-examination that his family sent him the abortion certificate, and that he "first saw it when it was sent to [him] from China." Ordinarily, inconsistencies that are ancillary to an applicant's claim may not support an adverse credibility determination. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003). However, the IJ reasonably found this inconsistency to further undermine Jiang's credibility, in light of the doubt already cast on his testimony. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007) ("a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence").

Further, the IJ properly gave diminished weight to Jiang's documentary evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341–42 (2d Cir.2006). In doing so, the IJ appropriately noted that the consular report indicated that Jiang's abortion certificate "was not what [he] said it was," and reasonably found that the statement from Jiang's wife and her gynecological examination booklet were not "weighty enough" to rehabilitate Jiang's tainted testimony. *See id.*

Finally, while the IJ made several implausibility-related findings, Jiang failed to meaningfully challenge them in his brief to the Court. Thus, any such arguments are deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir. 2005). As such, substantial evidence supports the IJ's denial of Jiang's asylum

application. Accordingly, we need not reach the Government's assertion that Jiang is no longer eligible for the relief he seeks, in light of *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (En Banc).

Because the only evidence of a threat to Jiang's life or freedom or a likelihood of torture depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and relief under the CAT, which rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.